1  LARRY L. BAUMBACH
   State Bar No. 50086
2  LAW OFFICES OF LARRY L. BAUMBACH
   2531 Forest Avenue, Suite 100
3  Chico, CA 95928
   Tel. 530-891-6222
4  Fax. 530-852-3969

5  Attorney for Plaintiff
   CRYSTAL JONES

6                          UNITED STATES COURT

7               FOR EASTERN DISTRICT OF CALIFORNIA

8

9  CRYSTAL JONES                      Case No.:

10              Plaintiff,            **COMPLAINT FOR DAMAGES AND
                                      INJUNCTIVE RELIEF FOR**:
11     vs.
                                      1.  Discrimination and Harassment in
12  SUPERIOR COURT OF CALIFORNIA,         Violation FEHA;
    COUNTY OF LASSEN; CALIFORNIA     2.  Retaliation for Protected Activity in
13  JUDICIAL COUNCIL; CALIFORNIA         Violation Cal. Gov. Code § 12900 seq. 3;
    ADMINISTRATIVE OFFICE OF THE     3.  Sex/Gender Discrimination in Violation
14  COURTS; TONY R. MALLERY, as an       of Cal. Gov. Code § 12940(a);
    Individual, and DOES 1-50, INCLUSIVE, 4.  Sex/Gender Harassment in Violation of
15                                        Cal. Gov. Code § 12940(I);
                Defendants,           5.  Retaliation for Protected Activity in
16                                        Violation of Cal. Gov. Code § 12940(h);
                                      6.  Failure to Prevent Discrimination,
17                                        Violation of Cal. Gov. Code § 12940(K);
                                      7.  Violation of 42 U.S.C § 1983, 1988, First
18                                        Amendment, Fifth Amendment, and
                                          Fourteenth Amendment of the U.S.
19                                        Constitution
                                      8.  Violation of 42 U.S.C § 1983, 1988, First
20                                        Amendment, Fifth Amendment, and
                                          Fourteenth Amendment of the U.S.
21                                        Constitution
22
23                                    AND REQUEST FOR JURY TRIAL
24
25
26
27
28

---

1

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Comes now, Plaintiff, CRYSTAL JONES, and for cause of action states:

## JURISDICTION AND VENUE

1. This is an action for violations of 28 U.S.C § 1337 and 1343. Plaintiff also invokes this Court's pendent jurisdiction. This action is instituted pursuant to 42 U.S.C § 1983 and 2000 et seq. and under common law. All of the allegation made herein occurred within the territorial jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

2. Plaintiff is an individual resident of the state of California who at all times pertinent hereto was a resident of the Eastern District of California.

3. Defendant, SUPERIOR COURT OF CALIFORNIA, COUNTY OF LASSEN ("SUPERIOR COURT") is a trial court within the judicial branch of the government of Lassen County, State of California, and sued in its administrative capacity and for its wrongful conduct toward Plaintiff, its employee.

4. Defendant TONY R. MALLERY (hereinafter "Defendant Mallery") is, and was at all times herein mentioned a resident of the Eastern District of California, and was at times mentioned herein employed by the Defendant CALIFORNIA JUDICIAL COUNCIL ("CJC") as a judicial officer namely a Judge in the Superior Court of the County of Lassen. Defendant Mallery is sued in his administrative capacity as well as individual.

5. Defendant CALIFORNIA ADMINISTRATIVE OFFICE OF THE COURTS  ("AOC") was a body of the judicial branch of the State of California.

///

## ADMINISTRATIVE PROCEEDINGS

6. Defendant CALIFORNIA ADMINISTRATIVE OFFICE Of The COURTS ("AOC") was a subdivision of CJC. Plaintiff timely filed a charge of discrimination with the California Department

of Fair Employment and Housing currently designated as the California Civil Rights Department on or about January 30, 2023.

7. On January 30, 2023, Plaintiff received from the Civil Rights Department a Notice of Right to Sue to commence this action within one year of her receipt of said notice.

8. Plaintiff was employed by the Superior Court of California, County of Lassen ("SUPERIOR COURT"), the CJC, and the AOC as an Operations Supervisor of the SUPERIOR COURT since 2014. Prior to becoming an operation supervisor, Plaintiff was employed as a court clerk since commencing employment in 2004 as a full-time employee and from 2002 to 2004 as a contract employee. Plaintiff's duties included training staff clerks, performing employee evaluations, courtroom management, calendar management, scheduling of visiting judges, of interpreters, Americans Would Disabilities (ADA) coordinator, taking part in the selection process of employment applications, participating in employment interviews, and decision-making process.

9. Plaintiff is unaware of the true names of capacities of the individual defendants sued as "DOES" 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff is informed and thereon alleges, that the Defendants herein designated as "DOES" are legally responsible in some manner for the events and happenings referred to which caused the injuries to Plaintiff for which Plaintiff now seeks damages. Plaintiff will amend her Complaint to allege the true names and capacities of these DOE defendants when ascertained.

10. All of the described conduct, acts and failures to act described herein were performed by, and are attributed to, all Defendants, acting as agents and employees under the direction and control of the other Defendants except where specifically alleged otherwise. These acts and failures to act were within the scope of such agency and/or employment, unless stated otherwise, and each Defendant ratified these acts and omissions of each of the other Defendants. Each of these acts and failures to act is alleged against each Defendant whether acting individually, jointly or severally.

## STATEMENT OF FACTS

11. Plaintiff is a female over 40 years of age.

12. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-50, inclusive, were dual and joint employers of Defendant and of Plaintiff.

13. Plaintiff has been employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-50, inclusive, since 2004.

14. Defendant TONY R. MALLERY has continuously served as a Judicial Officer of the Lassen County Superior Court and is presently suspended from acting in that capacity due to the on going investigation before the Commission of Judicial Performance entitled "Inquiry Concerning Judge Tony R. Mallery No. 208," in which the Commission alleged 21 separate counts. Defendant Mallery is charged with willful misconduct in office, conduct prejudicial to the Administration of Justice that brings the judicial office into disrepute and improper action within the meaning Article 6 Section 18 of the California Constitution providing for removal, censure, public or private admonishment of a judge or former judge.

15. Defendant Mallery threatened members of the court support staff with the investigation and retaliation for cooperating with the Commission's investigation of Mallery. During the internal investigation, Defendant Mallery told court employees who were cooperating with the Commission that they would be receiving payback and would get what is coming to them or words to that effect. In order to further discourage employees from contacting the Commission, Defendant emphasized that there were rules within the court that required employees to pursue a chain of command and avoid circumventing the grievance procedure, if they would be considered to have committed misconduct, leading to disciplinary action up to and including termination. Defendant used such threats to prevent the reporting to the Commission by members of the Lassen court staff.

16. Defendant Mallery also expressed a determination to find out who the "mole" is. In order to retaliate against Plaintiff, he regarded cooperating with the Commission as "snitching." Such conduct by Defendant Mallery violated the Code of Judicial Ethics. Defendant Mallery, on numerous occasions, spoke about Plaintiff Jones cooperating with the Commission's investigation and that Defendant did not trust Plaintiff Jones because of her cooperation with the Commission. Defendant also threatened staff members that should he be removed from his position as a Superior Court Judge, he would go "postal," a threat of violence. Defendant made it clear by his mention of going postal that what he meant was, "If someone were to take everything away from you, it's inevitable to feel that way, and he would have nothing to lose."

17. Defendant Mallery hired an investigator to retaliate against Brandy Cook, Cystal Jones, and Marian Tweddell-Wirthlin for cooperating with the Commission. Defendant MALLERY conduct violated the Code of Judicial Ethics Cannons 1, 2, 2a, 2b(2), 3, 3c(i), 3c(2), 3d(4), 3d(5); Labor Code § 1102.6, 1102.5, and FEHA. Defendant Mallery was acting in his administrative capacity and his personal capacity.

18. Defendant Mallery actively sought demotion of Crystal Jones for cooperating with the Commission.

19. Plaintiff directed CEO Voss to fire Plaintiff Cook for "improperly giving court information to the Commission."

20. Defendant Mallery stated Plaintiff was disloyal and should "know their place" or words to that effect.

21. Defendant Mallery also identified Plaintiff as a "snitch" who would "stab you in the back" and that "snitches get stiches." Defendant Mallery would at times yell, rant, and raise his fists at Plaintiff in a threatening manner.

22. Often, Defendant Mallery, while speaking in a loud, angry, belligerent, and badgering voice at Plaintiff, would attempt to intimidate and belittle Plaintiff, as well other female staff members. Defendant Mallery refused to follow Court protocols that have been established for the smooth operation of the Court Staff in serving members of the public and, in doing so, would interrupt and upset the chain of service provided to members of the public, thereby failing to adequately service the needs of the public. In addition to the hostility and badgering directed toward Plaintiff, Defendant Mallery alternatively engaged in shunning Plaintiff and bypassing her as a supervisor refusing to meet or communicate with her or even be in the same room with her and thereby denying her authority within the department.

23. Defendant Mallery, in his quest to learn about Plaintiff's cooperation with the Commission, attempted to invade and read Plaintiff's personal emails that were private to her and were not maintained as part of her job duties. Such acts by Defendant Mallery constituted an invasion of Plaintiff's privacy.

24. Defendant Mallery hired favored persons without advertising the position as was required by the Court regulations and did so without determining the need for the employee or budget availability.

25. Defendant Mallery agreed to pay such favored person namely, Chris Voss, five-thousand dollars ($5,000.00) of public money for "moving expenses" something that had never been done before in the Court.

26. Defendant Mallery agreed to pay new hire Voss a six month's pay and insurance payments for six months in the event Voss was terminated from his employment. Mallery created a position for Arden Lynn Woods that was neither advertised nor budgeted.

27. Defendant Mallery engaged in favoritism in distributing attorney appointment's by the Court and omitted distributing cases to disfavored attorney's to the extent several disfavored attorney's left the Jurisdiction for other jobs elsewhere.

28. Defendant Mallery decided to hand select jurors to be summoned for Civil Grand Jury and omitted persons he did not know or didn't like.

29. Plaintiff, Brandy Cook, was employed as an administrator manager for the Court. Her jobs involved hiring new employees; physical management of the court budget, recruiting of new employees, advertising new positions that became available, screening applicants for the positions that became available and conducting background checks on applicants.

30. Plaintiff Cook also was responsible for conducting background checks, drug screening appointments, maintaining interview panels, and participating in them as well as drafting interview questions.

31. Plaintiff Cook in addition to the above referenced duties, was required as an employee of the courts system to comply with the Code of Ethics that provides for, among other things, (1) the impartial and even handed treatment of all persons, (2) the highest standards of personal integrity, honesty, and truthfulness, (3) respect, courtesy, and responsiveness acting always to promote public esteem in the Court System, (4) the safe guarding of confidential information, (5) the refraining of actual impropriety and avoiding any appearance of impropriety that diminish the honor and dignity of the Court, (6) service and assistance of the public without giving legal advice, (7) guarding against any act of discrimination or use positional or personal power to harass another person, and (8) protecting the technology property of the Court.

32. On December 2012, Defendant Mallery took the oath of office administered by the County Clerk. Andi Barone was the Court Executive Officer ("CEO") which is the highest non judicial position in the California Trial Court. Pursuant to California Rules of Court Rule 10.610, as

Defendant Superior Court CEO, Barone, was responsible for overseeing the management administration of the non-judicial operation of the court and allocating resources in a manner that promotes access to justice for all members of the public, provides a forum for the fair and expeditious resolution of disputes and maximizes the use of judicial and other resources, increases efficiencies in court operation and enhances service to the public.

33. On December 20, 2012, Defendant Mallery took the oath office administered by the county clerk. Later, Defendant Mallery denied having previously been sworn in and untruthfully stated so to CEO Barone.

34. Commencing on his first day of office and continuing until his suspension from the bench, Defendant Mallery subjected Plaintiff and the courts female staff members to a campaign of hostility, abuse, disrespect, intimidation, and invasion of privacy. Defendant Mallery regularly disrupted and impeded court operations to the extent of that it was virtually impossible for Plaintiff and the females staff she supervise to perform their job duties and comply with ethical obligations. Defendant Mallery wrongful conduct included, but was not limited to the following:

   a.  Yelling, ranting, raising his fists at female employees, including Plaintiff.

   b.  Loud, angry, belligerent, badgering of Plaintiff and her staff.

   c.  Intimidating and belittling of Plaintiff and the female staff.

   d.  Refusing to follow court protocols.

   e.  Ordering Plaintiff and other court staff to perform illegal and improper acts.

   f.  Ordering Plaintiff and court staff to perform acts forbidden by the code of ethics applicable to court employees.

   g.  Shunning Plaintiff and other members of the staff.

   h.  Bypassing Plaintiff.

i.   Refusing to meet or communicate with Plaintiff or even to be in the same room with her.

j.   Refusing to acknowledge the authority of Plaintiff. Refusing to call Plaintiff by her name. Continually refusing to cooperate with Plaintiff efforts to ensure compliance with the courts legal and ethical obligations.

k.   Interfering with Plaintiff's training, monitoring, and supervision of the court's staff. Interfering with Plaintiff's clerk assignment and schedules.

l.   Refusing to comply with the courts' calendaring protocols thereby inconveniencing court interpreters, reporters, and others, and making it difficult for Plaintiff and her staff to obtain court interpreter and reporters.

m.  Interfering with Plaintiff's clerk's assignments and scheduling.

n.   Disrupting and damaging Plaintiff's relationship with subordinates, sheriff's, axillary service providers, public defenders, district attorneys, probation officers, and other individuals.

o.   Describing a female, employee as "swings both sides of the fence."

35. During the internal investigation by Defendant CJC, Defendant Mallery told a court employee that employees that were cooperating with the Commission were getting "payback" or "what's coming to them" or words to that effect.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

36. On January 30, 2023,   Plaintiff filed Complaints of Discrimination, Harassment, and Retaliation with  the California Civil Rights Department  ("CDR"), alleging discrimination, harassment  and retaliation by  Defendants. Plaintiff received an immediate Right-to-Sue notice from the CDR  on January 30, 2023. Accordingly, Plaintiff has exhausted her administrative remedies with respect to her claims arising under FEHA.

# FIRST CLAIM OF RELIEF

## (Discrimination and Harassment based upon Sex in Violation of FEHA)

## (Against Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive)

37. Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 36, as though fully set forth.

38. Pursuant to FEHA, it is an unlawful employment practice for an employer to discriminate or harass any individual because of that individual's sex. Defendants  SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, are employers  as defined by FEHA because they regularly  employ fifteen (15) or more persons.

39. Plaintiff was employed by  Defendants SUPERIOR COURT, CJC, AOC  and DOES  1-5, inclusive.

40. While employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES  1- 5, inclusive, Plaintiff and other  employees  of  said defendants were  subjected to discrimination and unwelcome harassing conduct  in the workplace.

41. The sex  of Plaintiff and the other employees of said defendants  was  a motivating factor for the harassment of them.

42. The harassing conduct was severe or pervasive.

43. The harassing conduct altered the   terms and   conditions of Plaintiff's employment   and created an abusive working environment.

44. Plaintiff perceived the working environment to be abusive and hostile.

45. A reasonable woman   in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

46. Plaintiff is informed and believes and thereon alleges that at all times relevant

47. hereto, Defendant MALLERY was the proxy or alter ego of Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, because he exercised significant control over the affairs of said Defendants.

48. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendants SUPERIOR COURT, QC, AOC and DOES 1-5, inclusive, authorized or furthered the conduct of Defendant MALLERY as alleged herein.

49. Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, and/or members of said Defendants' management, knew or should have known of the harassing conduct of Defendant MALLERY and failed to take prompt, effective remedial action reasonably calculated to end the harassment.

50. Plaintiff was harmed to such an extent that she was forced to resign her government employment.

51. The actions of Defendant MALLERY and the failure to act by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and/or members of said Defendants' management were substantial factors in causing Plaintiff's harm.

52. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be proven at trial.

53. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety, anger, depression, humiliation, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

54. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

55. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of suit, the precise amount of which will be proven at trial.

## SECOND CLAIM  FOR RELIEF

### (Retaliation for Reporting Discrimination and Harassment  in Violation of FEHA)

### (Against Defendants SUPERIOR COURT, CJC, AOC  and  DOES 1-5, inclusive)

56. Plaintiff restates and incorporates the allegations contained in paragraphs 1 through 55, as though fully set forth.

57. Pursuant to FEHA, it is an unlawful employment practice for an employer to discriminate against an employee because the employee has made  any charges, testified, assisted or participated in enforcement proceedings or because the employee has opposed any employment  practices forbidden under FEHA.

58.     Defendants  SUPERIOR  COURT,  CJC, AOC,  and DOES  1-5, inclusive, are employers  within the meaning  of  FEHA because they regularly employ in excess of fifteen (15) employees.

59.    63.    Plaintiff was employed by  Defendants SUPERIOR   COURT, CJC, AOC,  and DOES  1-5, inclusive.

60.    Plaintiff complained to Defendants SUPERIOR COURT,  CJC, AOC, and  DOES 1-5, inclusive, and to the DFEH  and  EEOC  about, among  other things, a hostile  work environment caused by Defendant MALLERY's actions as alleged herein.

61.    As alleged in this Complaint, Defendant MALLERY   engaged in conduct that was materially adverse to Plaintiff, in that it might have dissuaded a reasonable worker from  making or supporting a charge of discrimination.

62. When he engaged in the materially adverse conduct against Plaintiff, as alleged in this Complaint, Defendant MALLERY was aware of Plaintiff's complaints to Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and to the DFEH.

63. Plaintiff is informed and believes and thereon alleges that her protected activity, as alleged herein, was the reason for Defendant MALLERY's materially adverse conduct.

64. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendant MALLERY was the proxy or alter ego of Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, because he exercised significant control over the affairs of said Defendants.

65. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, Defendants SUPERIOR COURT, CJC, AOC and DOES 1-5, inclusive, authorized or furthered the conduct of Defendant MALLERY as alleged herein.

66. Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and/or members of said Defendants' management, knew or should have known of the retaliatory conduct and failed to take prompt, effective remedial action reasonably calculated to end the retaliation.

67. Plaintiff was injured.

68. The actions and/or failure to act of Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, were substantial factors in causing Plaintiff's injury.

69. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be proven at trial.

70. As a. direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

71.   As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

**72.** As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of suit, the precise amount of which will be proven at

### THIRD CLAIM FOR RELIEF

### (Sex/Gender Harassment in Violation of Cal. Gov. Code § 12940(j))

### (Against All Defendants)

73.   Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, as though fully set forth herein.

74.   Pursuant to California Government Code section 12940(j), it is an unlawful employment practice for an employer, its agents, or any other person, to harass an employee on the basis of sex or gender.

75.   Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, are employer within the meaning of California Government Code section 12640(j)(4)(A) because they regularly employ one or more persons.

76.   Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive.

77.   While employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, Plaintiff was subjected to unwelcome harassing conduct in the workplace based upon her sex or gender by Defendants MALLERY and DOES 6-10.

78. The harassing conduct was severe or pervasive.

79. The harassing conduct altered the terms and conditions of Plaintiff's employment and created an abusive working environment.

80. Plaintiff perceived the working environment to be abusive and hostile.

81. A reasonable woman in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

82. Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, or their agents, knew or should have known of the harassing conduct and failed to take immediate and appropriate corrective action.

83. The actions and/or failure to act by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and Defendants MALLERY and DOES 6-10, inclusive, were substantial factors in causing Plaintiff's harm.

84. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be proven at trial.

85. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety, anger, depression, humiliation, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

86. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

87. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of suit, the precise amount of which will be proven at trial.

88. Defendants MALLERY and DOES 6-10 committed the acts alleged herein maliciously and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper

and evil motive amounting to malice. Alternatively, the despicable conduct of Defendant MALLERY and DOES 6-10 was carried out in conscious disregard of Plaintiff's rights.

## FOURTH CLAIM FOR RELIEF

### (Retaliation for Protected Activity in Violation of Cal. Gov. Code §12940(h))

### (Against Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive)

89. Plaintiff incorporates the allegations contained in paragraphs 1 through 88, as though fully set forth herein.

90. Pursuant to California Government Code section 12490(h), it is an unlawful employment practice for an employer to retaliate against an employee because the employee has opposed any practices forbidden under Government Code §§ 12900 through 12966, or because the employee has filed a complaint, testified, or assisted in any proceeding under the FEHA.

91. Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, are employers within the meaning of California Government Code 5ection 12926(d) because they regularly employ in excess of five (5) employees.

92. Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and

93. DOES 1-5, inclusive.

94. Plaintiff complained to Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, and to the DFEH and EEOC about, among other things, a hostile work environment caused by Defendant MALLERY's actions as alleged herein.

95. Plaintiff suffered adverse employment actions including, but not limited to severe and pervasive harassment as set forth in this Complaint.

96. Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, engaged in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment.

97.  Plaintiff's complaints of a hostile work environment were a motivating reason for the adverse employment actions taken against Plaintiff.

98. Plaintiff was injured.

99. The  actions of Defendants  SUPERIOR COURT, CJC,  AOC,  and DOES  1-5, inclusive, were substantial factors in causing Plaintiff's injury.

100. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be proven at trial.

101. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has endured pain and suffering in  the form  of great anxiety, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

102. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

103. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of suit, the precise amount of which will be proven at trial.

## FIFTH  CLAIM  FOR  RELIEF

**(Failure to Prevent Discrimination in Violation of Cal. Gov. Code § 12490(k))**

**(Against Defendants  SUPERIOR  COURT,  CJC,  AOC, and  DOES 1-5, inclusive)**

104.  Plaintiff incorporates the allegations contained in paragraphs 1 through 103, as though fully set forth herein.

105. Pursuant to  California Government Code section 12490(k), it is an unlawful employment practice for an  employer to fail to  take reasonable  steps  to prevent discrimination from occurring.

106. At all times relevant hereto, California Government Code section 12490(k) was in effect and binding upon Defendants SUPERIOR COURT and DOES 1-5, inclusive.

107. Plaintiff was employed by Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive.

108. Plaintiff was subjected to unlawful discrimination, harassment and retaliation because of her gender and protected activities, as alleged in this Complaint.

109. Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, failed to take reasonable steps to prevent the harassment, discrimination or retaliation described herein.

110. Plaintiff was harmed.

111. Said Defendants' actions or failure to act, as described herein, were substantial factors in causing Plaintiff's harm.

112. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has lost past and future income, employment and career opportunities, and other economic loss, the precise amount of which will be proven at trial.

113. As a direct, foreseeable, and proximate result of said Defendants conduct as alleged herein, Plaintiff has endured pain and suffering in the form of great anxiety, depression, humiliation, embarrassment, anger, loss of enjoyment of life, and emotional distress, the precise amount of which will be proven at trial.

114. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

115. As a direct, foreseeable, and proximate result of said Defendants' conduct as alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of suit, the precise amount of which will be proven at trial.

## SIXTH CLAIM FOR RELIEF

**(Retaliation for Whistleblowing and Interference with Protected Activities in Violation of Cal. Gov. Code § 8547.13)**

**(Against All Defendants)**

116. Plaintiff incorporates the allegations contained in paragraphs 1 through 115, as though fully set forth herein.

117. At all times relevant hereto, the California Whistleblower Protection Act (Government Code sections 8547 through 8547.15), was in effect and binding on Defendants.

118. Government Code section 8547.13 provides that "any person who intentionally engages of acts of reprisal, retaliation, threats, coercion, or similar acts against a university employee . . . for having made a protected disclosure shall be liable in an action for damages. . ." Pursuant to Government Code section 8547.2(e), a "protected disclosure" means "a good faith communication . . . that discloses or demonstrates an intention to disclose information that may evidence . . . an improper governmental activity." Pursuant to Government Code section 8547(c), "improper governmental activity" means any activity by a state agency or by an employee that is undertaken in the performance of the employee's duties . . . and that (1) is in violation of any state or federal law or regulation, including, but not limited to, corruption, malfeasance, bribery, theft of government property, fraudulent claims, fraud, coercion, conversion, malicious prosecution, misuse of government property, or willful omission to perform duty, (2) is in violation of an Executive order of the Governor, a California Rule of Court, or any policy or procedure mandated by the State Administrative Manual or State Contracting Manual, or (3) is economically wasteful, involves gross misconduct, incompetency, or inefficiency."

119.  As described in this Complaint, during her employment, Plaintiff made disclosures of information that may evidence improper governmental activity to Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, by and through their agents and employees, as well as to the AOC and the CJP.

120.  As set forth in this Complaint, Defendants engaged in acts of reprisal against Plaintiff by subjecting Plaintiff to adverse employment actions and otherwise engaging in conduct that, taken as a whole, materially and adversely affected the terms and conditions of Plaintiff's employment with Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive.

121.  Plaintiff is informed and believes and thereon alleges that Plaintiff's protected disclosures, as set forth above, were contributing factors in the adverse employment actions and other conduct taken against Plaintiff by Defendants.

122.  Government Code section 8547.13(i) prohibits an employee from directly or indirectly using or attempting to use the official authority or influence of the employee for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command any person for the purpose of interfering with the rights conferred pursuant to the Whistleblower Protection Act.

123. Defendants MALLERY and DOES 6-10, inclusive, directly or indirectly used or attempted to use their official authority or influence for the purpose of intimidating, threatening, coercing, commanding, or attempting to intimidate, threaten, coerce, or command Plaintiff for the purpose of interfering with the rights of Plaintiff conferred under the Whistleblower Protection Act.

124. Plaintiff was harmed.

125. Plaintiff is informed and believes and thereon alleges that Defendants' conduct was a substantial factor in causing her harm.

126. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has suffered economic loss, the precise amount of which will be proven at trial.

127. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has endured pain and suffering in the form of great humiliation, embarrassment, loss of enjoyment of life, and emotional distress in excess of the jurisdictional limits of this Court, the precise amount of which will be proven at trial.

128. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has incurred special and general damages, the precise amount of which will be proven at trial.

129. As a direct, foreseeable, and proximate result of Defendants' conduct as alleged herein, Plaintiff has incurred and will continue to incur attorney's fees and costs of suit, the precise amount of which will be proven at trial.

130. Defendants    MALLERY and   DOES 6-10  committed the acts alleged herein maliciously and oppressively, and with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice. Alternatively, the despicable conduct of Defendant MALLERY and DOES  6-10 was carried out in conscious disregard of Plaintiff's rights.

### SEVENTH  CLAIM  FOR  RELIEF

**Violation of 42 U.S.C § 1983, 1988, First Amendment, Fifth Amendment, and Fourteenth Amendment of the U.S. Constitution**

131. Plaintiff incorporates the allegations contained in paragraphs 1 through 130, as though fully set forth herein.

132. This is a civil action seeking monetary damages and injunctive relief against Defendants Superior Court of California County of Lassen; California Judicial Council; California

Administrative Office of the Courts; and Tony R. Mallery (in individual capacity), and does 1-50 inclusive.

133. This action arises under the First, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, 1988. Jurisdiction of this matter is in this Court pursuant 28 U.S.C. § 1331, 1343.

134. Plaintiff, Crystal Jones, is a citizen of the United States and was at all times mentioned herein an employee of the Defendant Superior Court of California County of Lassen; California Judicial Council; and California Administrative Office of the Courts; and resident Lassen County, California.

135. Defendant Superior Court of California County of Lassen is a political subdivision of the State of California, created pursuant to statute and responsible for providing judicial services to the County of Lassen; The California Judicial Council is a supervisory branch of the California Judiciary and responsible for the maintenance and supervision of the California Courts; California Administrative Office of the Courts was responsible for the administration of the Courts, and Tony R. Mallery at all times herein mentioned was a Judicial Officer of the California Superior Court.

136. Plaintiff was hired by the SUPERIOR COURT, CJC, AOC in 2004, and continually so employed until the circumstances set forth in this Complaint forced her to resign her position.

137. The actions of the Defendants' set forth herein violated Plaintiff's rights of free speech as guaranteed by the First and Fourteenth Amendment of the United States Constitution and the California Fair Employment and Housing Act. Defendants and each of them are liable for the violation of Plaintiff's rights as set forth above because Defendants are the person or persons or entities pursuant to State law given final authority to make and execute employment policies on behalf of the Defendants named herein.

138. As a result of the actions of the Defendants as set forth above. Plaintiff has been damaged by the loss of income, loss of professional stature, and public humiliation of being forced to withdraw her public employment at the Defendant SUPERIOR.

## EIGHTH CLAIM  FOR  RELIEF

**Violation of 42 U.S.C § 1983, 1988, First Amendment, Fifth Amendment, and Fourteenth Amendment of the U.S. Constitution**

139. Plaintiff incorporates the allegations contained in paragraphs 1 through 138, as though fully set forth herein.

140. Plaintiff, Crystal Jones, is an individual resident of the State of California residing within the Eastern District of California District Court.

141. Defendant SUPERIOR, CJC, and AOC is located within the California Eastern District this action is brought pursuant to 42 U.S.C 42 U.S.C. § 1983, 1988 to redress the violation by Defendant of Plaintiff's right as secured by First, Fifth, and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction of the Plaintiff's Complaint pursuant to 28 U.S.C. § 1331, 1334.

142. On or about 2004, Plaintiff JONES was hired to the position of Clerk to the Lassen County Superior Court.

143. On or about, June 30, 2022, Plaintiff was forced to resign her position due to the facts alleged in this Complaint. However, she was given no opportunity to present her Complaints without significant and persistent retaliation by Defendant Mallery and without the protection against such behavior by the CJC, and AOC.

144. Pursuant to California law, and the Fifth Amendment, Plaintiff has a constitutional protected property interest in her employment as a Court employee which could only be taken pursuant to due process.

145. Defendant and each of them denied Plaintiff her property without due process in violation of the Fourteenth Amendment to the United States constitution by dismissing her by forcing her from her employment without giving her any type of pretermination procedure to appraise her of the reasons for Defendant MALLERY conduct toward her and to afford her opportunity to refute the reasons for denying her protection from persons such as Defendant MALLERY.

146. Defendants and each of them denied Plaintiff her property without due process in violation of the Fourteen Amendment to the United States by forcing her from her employment without giving her post termination proceeding before the impartial tribunal.

147. By reason of her dismissal and the failure to be afforded due process Plaintiff has lost wages and other compensation and suffered embarrassment and humiliation mental anguish and loss esteem.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for Judgment against Defendants as follows:

a.  For a mandatory injunction requiring that Defendant reinstate Plaintiff to her position as a Court Administration of the Lassen County Superior Court.

b.  For compensatory damages in an amount to be proved at trial.

c.  Enjoining Defendants from interfering in any matter with Plaintiff exercise of rights secure by the First and Fourteenth Amendments of the Untied States Constitution or basing any action regarding Plaintiff's employment upon Plaintiffs exercise of First Amendments Rights;

d.  For reinstating Plaintiff along back pay and contributions to Plaintiff's state retirement account, for compensatory damages jointly, and severely in an amount according to prove at trial;

e.  For punitive damages against Defendant Tony R. Mallery in an amount proved at trial;

f.   For Costs of this Action, attorney fees, and such other relief as the court deems fair and appropriate under the circumstances.

WHEREFORE, Plaintiff prays for relief as follows:

1.   For general damages;

2.   For special damages;

3.   For the following injunctive relief:

a. An injunction restraining Defendants  SUPERIOR COURT, CJC, AOC, and DOES  1-5, inclusive, along with its supervising employees, agents and all those  subject to its control or acting in concert with it, from causing, encouraging,  condoning  or permitting the  practice of  harassment or discrimination  and the willful violation of California labor laws related to workplace harassment  and discrimination;

b. Affirmative relief requiring Defendants SUPERIOR   COURT, CJC,  AOC, and   DOES 1-5,  inclusive, to conduct training of  all employees   to "sensitize"  them to the  harmful nature  of discriminating against  or harassing an employee  because of the employee's gender. The   proposed plan of education and training should also include training and detection, and correction and prevention of such practices;

c. Affirmative relief requiring Defendants SUPERIOR   COURT, CJC,  AOC, and DOES  1-5, inclusive, to notify all employees and supervisors, through individual letters and permanent  posting in   prominent locations, that discrimination and  harassment violate FEHA,   and the  consequences of such violations;

d. Affirmative relief requiring Defendants SUPERIOR    COURT, CJC,  AOC,

and DOES 1-5, inclusive, to develop clear and effective policies and procedures for employees complaining of harassment and/or discrimination so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and informal as well as formal processes for hearing, adjudication and appeal of the complaints; and

e. Affirmative relief requiring Defendants SUPERIOR COURT, CJC, AOC, and DOES 1-5, inclusive, to develop appropriate sanctions or disciplinary measures for supervisors or other employees who are found to have Committed harassing or discriminatory acts, including warnings to the offending person and notations in that person's employment record for reference in the event future complaints are directed against that person, and dismissal where other measures fail.

4. For attorneys' fees;

5. For penalties as provided by law;

6. For punitive damages against Defendants MALLERY and DOES 6-10 as provided by law;

7. For costs of suit;

8. For prejudgment interest; and,

9. For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, CRYSTAL JONES, demands a Jury Trial.

///

///

Date: 1-18-2024

THE LAW OFFICES OF LARRY L. BAUMBACH

By: _____

LARRY L. BAUMBACH

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**EXHIBIT A**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                              GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**                                                                                       KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 30, 2023

Crystal Jones



RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202301-19435018
Right to Sue: Jones / Lassen County Superior Court et al.

Dear Crystal Jones:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective January 30, 2023 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Civil Rights Department

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 30, 2023

Larry Baumbach
2531 Forest Ave, Suite 100
Chico, CA 95928

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202301-19435018
Right to Sue: Jones / Lassen County Superior Court et al.

Dear Larry Baumbach:

Attached is a copy of your complaint of discrimination filed with the Civil Rights
Department (CRD) pursuant to the California Fair Employment and Housing Act,
Government Code section 12900 et seq. Also attached is a copy of your Notice of Case
Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 12/22)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**Civil Rights Department**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

January 30, 2023

RE:   **Notice of Filing of Discrimination Complaint**
      CRD Matter Number: 202301-19435018
      Right to Sue: Jones / Lassen County Superior Court et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Civil Rights Department (CRD)) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for CRD's Small Employer Family Leave Mediation Pilot Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. You may contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@dfeh.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to CRD is requested or required.

Sincerely,

CRD - ENF 80 RS (Revised 12/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

Civil Rights Department

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
## Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Crystal Jones                                                   CRD No. 202301-19435018

                              Complainant,

vs.

Lassen County Superior Court
2610 Riverside Dr
Susanville, CA 96130

Tony Mallery
2610 Riverside Dr
Susanville, CA 96130

                              Respondents

---

**1.** Respondent **Lassen County Superior Court** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant is naming **Tony Mallery** individual as Co-Respondent(s).

**3.** Complainant **Crystal Jones**, resides in the City of **Susanville**, State of **CA.**

**4.** Complainant alleges that on or about **June 30, 2022**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, age (40 and over).

**Complainant was discriminated against** because of complainant's sex/gender, age (40 and over), other and as a result of the discrimination was forced to quit, reprimanded, asked impermissible non-job-related questions.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was forced to quit, reprimanded, asked impermissible non-job-related questions.

-1-

Date Filed: January 30, 2023

1

2   **Additional Complaint Details:** Title VII of the Civil Rights Act of 1964 as amended 42
3   U.S.C. § 2000(e) (Title VII) in violations of California's Fair Employment and Housing Act
    and California Government Code § 12940, 12951, FEHA and California Labor Code §
4   1102.5 and California Government Code § 8547-8547.15.

5   Complainant Crystal Jones, a long-term employee of the Lassen County Superior Court,
    hereby requests that the California Civil Rights Department provide her a right to sue letter
6   arising from her claim for the following: (1) discrimination and harassment in violation of Title
    VII; (2) Retaliation for protected activity in violation of Title VII; (3) Sex/Gender
7   Discrimination in violation of Title VII and California Government Code § 12940a; (4)
    Sex/Gender Harassment in violation of California Government Code § 12940(i) and Title VII;
8   (5) Retaliation for protected activity in violation of California Government Code § 12940(h);
    (6) Failure to prevent discrimination or harassment in retaliation in violation of California
9   Government Code § 12940(k); and (7) Retaliation for whistleblowing and interference for
    protected activity in violation of California Government Code § 8547. Complainant Jones
10  has been an employee of Lassen County Superior Court for over twenty years and is a
    resident of the County of Lassen, state of California. Plaintiff was employed by the Superior
11  Court of California, County of Lassen. The Superior Court of California, County of Lassen, is
    a trial court within the judicial branch of government in the state of California. The
12  complainant further alleges that the California Judicial Council (CJC) was the body of the
    judicial branch of the state of California and that Defendant California Administrative Office
13  of the court (AOC) was a subdivision of CJC. Respondent Tony R. Mallory (hereinafter
    "Mallory") is, and at all times herein mentioned was, an individual residing within the judicial
14  district of Lassen County and employed by the judicial branch of the state of California as a
    judge for the Respondent Superior Court of California, County of Lassen. Complainant is a
15  female and believes that at all times relevant hereto, the Respondent's Superior Court CJC
    and AOC inclusive were dual or joint employers of Claimant Jones. At all times mentioned
16  herein, Claimant Jones was an operations supervisor of the Lassen Superior Court.
    Commencing on his first day of office and continuing to June 30, 2022, Respondent Mallory
17  has subjected Claimant and the Courts female staff to a campaign of hostility, abuse,
    disrespect, and intimidation and has regularly disrupted and impeded court operations to the
18  extent that is virtually impossible for Claimant and those persons which she supervised and
    worked with to comply with their ethical obligations. Included in the multiple violations of
19  Claimants rights by Respondent Mallory are the following: (a) yelling, ranting, and raising his
    fists at Respondent Jones and others; (b) loud angry and belligerent badgering of Claimant
20  (c) intimidation and belittling of Claimant and female staff (d) refusing follow court protocols
    (e) ordering Claimant and other staff to perform illegal and improper acts (f) order claimant
21  and other staff to perform acts for forbidden by the code of ethics applicable to the court
    employees (g) shunning Claimant (h) bypassing Claimant (i) refusing to meet or
22  communicate with Claimant or even to be in the same room with her (j) refusing to
    acknowledge the authority of Claimant (k) continually refusing to cooperate with claimant
23  efforts to ensure compliance with the court legal and ethical obligations (l) interfering with
    claimants training, monitoring and supervision of the court (m) interfering with Claimants
24  clerk assignments and scheduling (n) refusing to comply with the courts calendaring

25

26                                          -2-
                          *Complaint – CRD No. 202301-19435018*
27
    Date Filed: January 30, 2023
28

protocols thereby inconveniencing the court interpreters, reporters, and others making it difficult for Claimant and her staff to obtain needed support services. (o)attempting to invade the personal email accounts of the Claimant (p) attempting to subvert the Claimant's ability to meet with the commission on judicial performance and report violations of California codes and procedure to the CJP as requested by the investigators for the CJP. (q) engaging in assurances to other court employees that those employees cooperating with the CJP were going to receive "payback" or "what's coming to them" or words to that effect (r) attempting to intimidate employees so that the employee would refrain from reporting misconduct to the CJP (s) interfering with employees duties that were required by statute (t) threatening employees who reported misconduct of Respondent to the CJP with the termination of employment and destruction of their careers (u) seeking to determine who was a "mole" in the department and vowing to retaliate against those people giving a testimony about Mallory conduct to the CJP (v) attempting to restructure staff designations as a means of reducing the rank of an employee who he believed had been "snitching" to the CJP commenting that snitches get stitches; and  (w) stating that because of his dissatisfaction with the state of the staff reporting to CJP that he would "I'm gonna go postal." Respondent's conduct towards female staff was such outrageous, egregious, and intimidating that it caused employees such as Claimant to go out on stress leave and ultimately, as in Plaintiff's case, to resign their position with the court, which Claimant did on June 30, 2022.

-3-

*Complaint – CRD No. 202301-19435018*

Date Filed: January 30, 2023

CRD-ENF 80 RS (Revised 12/22)

VERIFICATION

I, **Larry L. Baumbach**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On January 30, 2023, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

                                                                                    **Chico, CA**

Date Filed: January 30, 2023

CRD-ENF 80 RS (Revised 12/22)

**EXHIBIT B**



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

## Civil Rights Department

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

KEVIN KISH, DIRECTOR

January 18, 2024

Larry Baumbach
2531 Forest Ave, Suite 100
Chico, CA 95928

RE:   **Notice to Complainant's Attorney**
CRD Matter Number: 202301-19435018
Right to Sue: Jones / Superior Court of California, County of Lassen et al.

Dear Larry Baumbach:

Attached is a copy of your **amended** complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the CRD. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Civil Rights Department


CRD - ENF 80 RS (Revised 02/23)

1

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
2
## BEFORE THE STATE OF CALIFORNIA
### Civil Rights Department
3
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)
4

In the Matter of the Complaint of

5
Crystal Jones

CRD No. 202301-19435018

6
Complainant,

7
vs.

8
Superior Court of California, County of Lassen
2610 Riverside Dr
9
Susanville, CA 96130

10
Tony Mallery
2610 Riverside Dr
11
Susanville, CA 96130

12
California Judicial Council
455 Golden Gate Ave
13
San Francisco, CA 94102

14
California Administrative Office of the Courts

15

16
Respondents

17
_____

18
1. Respondent **Superior Court of California, County of Lassen** is an **employer** subject to suit
19
under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

20
2. Complainant is naming **Tony Mallery** individual as Co-Respondent(s).
Complainant is naming **California Judicial Council** business as Co-Respondent(s).
21
Complainant is naming **California Administrative Office of the Courts** business as Co-Respondent(s).

22
3. Complainant **Crystal Jones**, resides in the City of **Susanville**, State of **CA.**
23

24
4. Complainant alleges that on or about **June 30, 2022**, respondent took the
following adverse actions:
25

26
-1-

Complaint – CRD No. 202301-19435018
27
Date Filed: January 30, 2023
28
Date Amended: January 18, 2024

CRD-ENF 80 RS (Revised 12/22)

1   **Complainant was harassed** because of complainant's sex/gender, age (40 and over).

2   **Complainant was discriminated against** because of complainant's sex/gender, age (40 and over), other and as a result of the discrimination was forced to quit, reprimanded, asked

3   impermissible non-job-related questions.

4   **Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment

5   complaint and as a result was forced to quit, reprimanded, asked impermissible non-job-

6   related questions.

7

8   **Additional Complaint Details:** Title VII of the Civil Rights Act of 1964 as amended 42 U.S.C. § 2000(e) (Title VII) in violations of California's Fair Employment and Housing Act and California Government Code § 12940, 12951, FEHA and California Labor Code §

9   1102.5 and California Government Code § 8547-8547.15.

10  Complainant Crystal Jones, a long-term employee of the Lassen County Superior Court, hereby requests that the California Civil Rights Department provide her a right to sue letter

11  arising from her claim for the following: (1) discrimination and harassment in violation of Title VII; (2) Retaliation for protected activity in violation of Title VII; (3) Sex/Gender

12  Discrimination in violation of Title VII and California Government Code § 12940a; (4) Sex/Gender Harassment in violation of California Government Code § 12940(i) and Title VII;

13  (5) Retaliation for protected activity in violation of California Government Code § 12940(h); (6) Failure to prevent discrimination or harassment in retaliation in violation of California

14  Government Code § 12940(k); and (7) Retaliation for whistleblowing and interference for protected activity in violation of California Government Code § 8547. Complainant Jones

15  has been an employee of Lassen County Superior Court for over twenty years and is a resident of the County of Lassen, state of California. Plaintiff was employed by the Superior

16  Court of California, County of Lassen. The Superior Court of California, County of Lassen, is a trial court within the judicial branch of government in the state of California. The

17  complainant further alleges that the California Judicial Council (CJC) was the body of the judicial branch of the state of California and that Defendant California Administrative Office

18  of the court (AOC) was a subdivision of CJC. Respondent Tony R. Mallory (hereinafter "Mallory") is, and at all times herein mentioned was, an individual residing within the judicial

19  district of Lassen County and employed by the judicial branch of the state of California as a judge for the Respondent Superior Court of California, County of Lassen. Complainant is a

20  female and believes that at all times relevant hereto, the Respondent's Superior Court CJC and AOC inclusive were dual or joint employers of Claimant Jones. At all times mentioned

21  herein, Claimant Jones was an operations supervisor of the Lassen Superior Court. Commencing on his first day of office and continuing to June 30, 2022, Respondent Mallory

22  has subjected Claimant and the Courts female staff to a campaign of hostility, abuse, disrespect, and intimidation and has regularly disrupted and impeded court operations to the

23  extent that is virtually impossible for Claimant and those persons which she supervised and

24  worked with to comply with their ethical obligations. Included in the multiple violations of

25  Claimants rights by Respondent Mallory are the following: (a) yelling, ranting, and raising his

26                                    -2-
                        Complaint – CRD No. 202301-19435018
27  Date Filed: January 30, 2023
    Date Amended: January 18, 2024
28

fists at Respondent Jones and others; (b) loud angry and belligerent badgering of Claimant (c) intimidation and belittling of Claimant and female staff (d) refusing follow court protocols (e) ordering Claimant and other staff to perform illegal and improper acts (f) order claimant and other staff to perform acts for forbidden by the code of ethics applicable to the court employees (g) shunning Claimant (h) bypassing Claimant (i) refusing to meet or communicate with Claimant or even to be in the same room with her (j) refusing to acknowledge the authority of Claimant (k) continually refusing to cooperate with claimant efforts to ensure compliance with the court legal and ethical obligations (l) interfering with claimants training, monitoring and supervision of the court (m) interfering with Claimants clerk assignments and scheduling (n) refusing to comply with the courts calendaring protocols thereby inconveniencing the court interpreters, reporters, and others making it difficult for Claimant and her staff to obtain needed support services. (o)attempting to invade the personal email accounts of the Claimant (p) attempting to subvert the Claimant's ability to meet with the commission on judicial performance and report violations of California codes and procedure to the CJP as requested by the investigators for the CJP. (q) engaging in assurances to other court employees that those employees cooperating with the CJP were going to receive "payback" or "what's coming to them" or words to that effect (r) attempting to intimidate employees so that the employee would refrain from reporting misconduct to the CJP (s) interfering with employees duties that were required by statute (t) threatening employees who reported misconduct of Respondent to the CJP with the termination of employment and destruction of their careers (u) seeking to determine who was a "mole" in the department and vowing to retaliate against those people giving a testimony about Mallory conduct to the CJP (v) attempting to restructure staff designations as a means of reducing the rank of an employee who he believed had been "snitching" to the CJP commenting that snitches get stitches; and  (w) stating that because of his dissatisfaction with the state of the staff reporting to CJP that he would "I'm gonna go postal." Respondent's conduct towards female staff was such outrageous, egregious, and intimidating that it caused employees such as Claimant to go out on stress leave and ultimately, as in Plaintiff's case, to resign their position with the court, which Claimant did on June 30, 2022.

-3-

Complaint – CRD No. 202301-19435018

Date Filed: January 30, 2023
Date Amended: January 18, 2024

CRD-ENF 80 RS (Revised 12/22)

1  VERIFICATION

2  I, **Larry L. Baumbach**, am the **Attorney** in the above-entitled complaint.  I have read
3  the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.
4
   On January 30, 2023, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6
7                                                                        **Chico, CA**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                              -4-
                                   *Complaint – CRD No. 202301-19435018*
27
   Date Filed: January 30, 2023
28 Date Amended: January 18, 2024

                                                              CRD-ENF 80 RS (Revised 12/22)